UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

ELIASON CREEK SIDE, LLC,

Debtor.

Chapter 11
(proposed jointly administered)
Case No. 11-29702-mdm

## MOTION TO AUTHORIZE JOINT ADMINISTRATION OF CASES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)

Eliason Combination Fund, LLC ("ECF") and affiliate Eliason Creek Side, LLC ("Creek Side," and collectively with ECF, the "Debtors"), hereby move this Court (the "Motion") for an order authorizing the joint administration of the Debtors' separate Chapter 11 cases for procedural purposes only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtors respectfully represent as follows:

### JURISDICTION

1. On June 17, 2011, each of the Debtors filed its voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101-1532 (as amended, the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of Wisconsin (the "Court"), commencing their Chapter 11 cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(c) and 1108 of the Bankruptcy Code.

2. No creditors' committee has been appointed in these cases.

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The bases for the relief requested herein is Bankruptcy Rule 1015(b).

## BACKGROUND

5. ECF is a Wisconsin limited liability corporation, with its principal office located 548 Hwy 155, P.O. Box 219, St. Germain, WI 54558. ECF operates three apartment communities consisting of 104 units and two vacant retail properties consisting of approximately 150,000 square feet. One of the retail properties is approximately 127,000 square ft. and located outside of Wisconsin, in Bridgeton (St. Louis), MO. The retail property located in Greendale Wisconsin, is subject to a ground lease and is approximately 23,500 square ft. Neither retail property is generating rent currently. The three apartment complexes which ECF owns are 90%, 95%, and 96% rented, respectively.

6. Creek Side is a Wisconsin limited liability corporation, with its principal office located 548 Hwy 155, P.O. Box 219, St. Germain, WI 54558. Creek Side owns and operates Creek Side Place and College Court Apartments, two apartment rental complexes located in Appleton, WI. The apartments at the two complexes are 90% and 96% rented, respectively.

7. The Debtors each have separate loan facilities with M&I Marshall & Ilsley Bank ("M&I" or "Lender"). ECF has total loan balances outstanding of approximately $20.0 million that mature in September, 2012. ECF believes that the Lender's mortgages and other liens on the five locations owned and leased by ECF render the Lender's claims substantially undersecured, likely by not less than $10 million. Creek Side has loan balances outstanding of approximately $2.52 million that mature in September, 2012. Creek Side believes that the claims of the Lender, who has mortgages on both apartment complexes owned by Creek Side, are substantially undersecured, in that these two properties are believed to have a current aggregate value below

$2 million.

8. The Debtors' operational and profitability problems are principally due to the weak economy and tenants defaulting on their rental obligations. Borders Books recently filed for Chapter 11 bankruptcy protection and then rejected its lease on the ECF retail property in Greendale, WI. American TV stopped paying rent in June, 2011 and has informed ECF that it will be seeking Chapter 11 protection if several of its landlords fail to agree upon a settlement to cancel numerous leases in the metropolitan St Louis, MO area. This lack of rental income from the retail properties has made it economically impossible for ECF to continue paying its debt obligations in a timely manner.

9. The problems of ECF have been further exacerbated by the loss of rental income from Borders and American TV. In addition, both Debtors have been in financial difficulty due to adverse market conditions for many months.

10. The Debtors and Lender have thus far been unable to reach an agreement to restructure the debt.

## RELIEF REQUESTED

11. The Debtors hereby request that this Court enter an order authorizing the joint administration of the Debtors' separate Chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and authorizing the Debtors to file an amended consolidated creditors' matrix for use in the Debtors' jointly-administered cases.

## BASIS FOR RELIEF

12. Bankruptcy Rule 1015(b) provides that "if two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates" of the debtor and any such affiliates.

13. Section 101(2) of the Bankruptcy Code provides:

> The term "affiliate" means—
>
> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
>
> (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;

11 U.S.C. § 101(2).

14. Donald R. Eliason, LLC owns or controls at least 24.65% of ECF and 26.7% of Creek Side. A true and accurate copy of the Operating Agreement for ECF is attached hereto as **Exhibit A** and a true and correct copy of the Operating Agreement for Creek Side is attached hereto as **Exhibit B**. In addition, as reflected in the Debtors' respective Operating Agreements, Jo Edward, LLC is the Manager of each of the Debtors.

15. As such, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code as used in Federal Bankruptcy Rule 1015(b). Therefore, joint administration of the Debtors' cases is appropriate under Federal Bankruptcy Rule 1015(b).

16. Moreover, joint administration of the Debtors' estates will be less expensive and more efficient than separate administration of the Debtors' estates because joint administration will permit the Clerk of the Court to use a single, general docket for the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Indeed, the Debtors anticipate that numerous notices, applications, motions, other pleadings, and orders, as well as hearings and other proceedings, in these cases will affect both of them.

17. Joint administration of the Debtors' estates also will avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be filed and served in the Debtors' bankruptcy cases, and (b) file documents in one of the Debtors' bankruptcy cases rather than in multiple cases; provided, however, that all schedules of assets and liabilities, statements of financial affairs, and proofs of claims will be captioned and filed in each of the Debtors' respective, separate cases, as appropriate. In addition, joint administration will protect parties in interest by ensuring that those parties affected by each of the Debtors' respective Chapter 11 cases will be apprised of the various matters before the Court in those cases.

18. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases because the relief requested in this Motion is purely procedural and in no way affects any party's substantive rights. Each creditor and other party in interest will retain whatever claims, interests, or other rights it has in or against a particular Debtor and that Debtor's estate.

19. In furtherance of the foregoing, the Debtors request that the Court establish the Case No.11-29704 as the Debtor's "main" case and the following official caption to be used by all parties in all pleadings in the Debtors' jointly administered cases, except as otherwise specifically provided herein:

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF WISCONSIN | |
|---|---|
| In re: | |
| ELIASON COMBINATION FUND, LLC, | Chapter 11 (jointly administered) |
| Debtor. | Case No. 11-29704-mdm |

20. The Debtors submit that all parties' should use the simplified caption designated immediately above to eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

21. Federal Bankruptcy Rule 1007(a)(1) requires that a debtor file a list containing the names and addresses of the entities to be included on Schedules D, E, F, G and H in computer readable format - the "<u>Creditors Matrix</u>." In addition, Federal Bankruptcy Rule 1007(d) requires that a debtor file a list containing the names, addresses and claims of the creditors holding the 20 largest unsecured claims - the "<u>Creditors List</u>."

22. On the Petition Date, each of the Debtors filed its respective Creditors Matrix and Creditor List in their separate Chapter 11 cases. Within seven (7) days of entry of the order approving joint administration of the Debtors' cases, the Debtors request permission to file in jointly administered Case No.11-29704 (a) a single amended consolidated Creditors Matrix and (b) an amended consolidated Creditor List which identifies the Debtors' 30 largest creditors. Many creditors are common to each of the Debtors, such that there may be significant overlap. Importantly, a consolidated Creditors Matrix and Creditor List will significantly aid in the cost-effective and efficient administration of the Debtors' cases.

## **NO PRIOR REQUEST**

23. No prior motion for the relief requested herein has been made to this Court in these bankruptcy cases.

## **NOTICE**

24. Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) M&I Marshall & Ilsley Bank, the Debtors' prepetition Lender, and its counsel, Peter

C. Blain and Michael D. Jankowski of Reinhart Boerner Van Deuren s.c.; and (c) the Debtors' twenty (20) largest unsecured creditors as filed in each of the Debtors' respective cases prior to joint administration. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

WHEREFORE, the Debtors respectfully request that this Court enter an order (i) authorizing and directing the joint administration of the Debtors' bankruptcy cases pursuant to the protocols set forth herein, and (ii) authorizing the Debtors to file a consolidated Creditors Matrix and a consolidated Creditors List in the Debtor's jointly-administered cases and (iii) granting such other and further relief as is just and proper.

Dated: June 23, 2011

Respectfully submitted,

**ELIASON COMBINATION FUND, LLC**
and **ELIASON CREEK SIDE, LLC**

By: /s/ Forrest B. Lammiman
    One of Their Proposed Attorneys

Forrest B. Lammiman (State Bar No. 1001512)
David L. Kane
Meltzer, Purtill & Stelle LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900
(312) 987-9854 (facsimile)
flammiman@mpslaw.com
dkane@mpslaw.com